18-1033(L)
United States v. Raheem Brennerman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                      18-1033, 18-1618

RAHEEM BRENNERMAN,

                     *Defendant-Appellant*,

THE BLACKSANDS PACIFIC GROUP, INC.,

                     *Defendant*.


Appearing for Appellant:     John C. Meringolo, Meringolo & Associates, P.C., Brooklyn, N.Y.

Appearing for Appellee:      Danielle Renee Sassoon, Assistant United States Attorney
                             (Nicholas Tyler Roos, Robert B. Sobelman, Anna M. Skotko,

Assistant United States Attorneys, *on the brief), for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Raheem Brennerman appeals from the May 21, 2018, judgment of conviction entered in the United States District Court for the Southern District of New York (Kaplan, *J.*), sentencing him principally to 24 months' imprisonment followed by 3 years' supervised release. Following a jury trial, Brennerman was convicted of two counts of criminal contempt, in violation of 18 U.S.C. § 401(3). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Brennerman argues that the district court committed reversible error by: (1) denying his motion to compel compliance with a subpoena that sought the production of certain documents from the Industrial and Commercial Bank of China's London branch ("ICBC"); (2) making improper evidentiary rulings; (3) denying his second Rule 33 motion as untimely; and (4) imposing a procedurally and substantively unreasonable sentence. He further argues that he received constitutionally deficient assistance of counsel.

## I.     ICBC Subpoena

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of trial subpoenas in criminal cases. A decision to deny, quash, or modify a subpoena "must be left to the trial judge's sound discretion" and "is not to be disturbed on appeal unless it can be shown that [the district court] acted arbitrarily and abused its discretion or that its finding was without support in the record." *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979).

We find that the district court appropriately concluded that Brennerman failed to effect service of the subpoena on ICBC as required by Rule 17(d). Significantly, Rule 17 provides that "[t]he server must deliver a copy of the subpoena to the witness." Fed. R. Crim. P. 17(d). In an attempt to serve the subpoena, Brennerman sent a copy to ICBC's New York-based attorney in the underlying civil case, not to ICBC's London branch. This plainly did not comply with the rule.

To the extent Brennerman argues that the government was required to retrieve the documents for him, that argument is also meritless. ICBC is not an agent of the government, and therefore the prosecution was under no obligation to make efforts to obtain information beyond what it previously collected and turned over to Brennerman. *Cf. United States v. Yousef*, 327 F.3d 56, 112 (2d Cir. 2003).

## II.  Evidentiary Rulings

Brennerman next challenges the exclusion of certain evidence concerning settlement discussions with opposing counsel in the civil case, as well as documents Brennerman purportedly provided to ICBC in 2013. He also argues that the district court improperly admitted the redacted civil contempt orders.

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015) (internal quotation marks and citation omitted). "Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

As to the settlement discussions, Brennerman argues that the district court should have allowed him to introduce certain evidence of those discussions because it showed he was acting in good faith to comply with the court's orders. But we disagree with Brennerman's characterization of the record. The record shows that the district court did allow Brennerman to introduce evidence concerning settlement discussions on the condition that he establish his knowledge of the substance of the exhibits and their relationship to the relevant time period. At the end of trial, the district court admitted those exhibits for which the connection was made. Also, through cross-examination, Brennerman was able to introduce evidence about the parties' settlement discussions. In summation, defense counsel relied on that evidence to argue that Brennerman did not willfully disregard the orders. In our view, the district court did not abuse its discretion in admitting some but not all of this evidence, and Brennerman has failed to point to any specific evidence that would have helped his case had it been admitted.

Brennerman's challenge to the district court's exclusion of documents he turned over to ICBC in 2013 also fails. Such evidence, Brennerman argues, would have cast doubt on his willfulness on his behalf in disobeying orders, because it would have shown that he did not realize he had to re-produce documents that ICBC already possessed. But, as the district court aptly noted, the documents were evidently provided to ICBC long before the civil case began, and were only minimally response to ICBC's discovery requests, so their production was not probative at all of Brennerman's compliance with those discovery requests and subsequent court orders.

Finally, with respect to the admission of the redacted contempt orders, we find no error. As the district court correctly determined, the civil contempt orders were relevant to Brennerman's willfulness. To minimize any potential prejudicial effect, the district court redacted portions of the orders and instructed the jury on the limited purposes for which it could consider the civil contempt orders in the context of a trial about criminal contempt. Thus, the district court appropriately accounted for the probative value of the evidence as well as its potentially prejudicial effect, and we cannot conclude that its decision was arbitrary, irrational, or manifestly erroneous.

3

### III.    Rule 33 Motion

Brennerman first filed a Rule 33 motion on February 14, 2018, which was denied without prejudice in the event that he were to terminate counsel and proceed pro se. Brennerman elected to proceed without counsel on February 26, and on February 28, 2018 he filed another Rule 33 motion. He then filed what he styles as an amended Rule 33 motion on March 26, 2018, also pro se. On appeal, Brennerman challenges the district court's denial of his March 26 motion as untimely.

A Rule 33 motion for a new trial on grounds other than newly discovered evidence must be filed within fourteen days after the verdict. Fed. R. Crim. P. 33(b)(2). Pursuant to Rule 45(b)(1)(B), however, this time limit may be extended if the moving party failed to act because of "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). When, as here, a defendant does not raise an argument below, we review for plain error. *United States v. Alcantara*, 396 F.3d 189, 207 (2d Cir. 2005.)

Brennerman concedes that his March 26 motion was untimely, but he argues excusable neglect because his counsel withdrew. We are not convinced that Brennerman's justification is sufficient for a finding of excusable neglect. Brennerman was permitted to proceed pro se on February 26 and nonetheless timely file his February 28 motion. Nor is there any allegation that the information contained in the March 26 motion was newly discovered. Accordingly, because the delay was not justified, the district court did not err—let alone plainly err—by denying the March 26 motion as untimely. In any event, the district court addressed the merits of Brennerman's motion.

### IV.    Sentence

Brennerman further challenges the procedural and substantive reasonableness of his sentence. A district court commits procedural error if it fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the Section 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Facts in support of a sentencing calculation need be established only by a preponderance of the evidence. *United States v. Beverly,* 5 F.3d 633, 642 (2d Cir. 1993).

In calculating Brennerman's Guidelines range, the district properly found that Brennerman's conduct "resulted in substantial interference with the administration of justice" and applied the appropriate offense level enhancement, pursuant to U.S.S.G. § 2J1.2(b)(2). Examples of "substantial interference with the administration of justice" include "the unnecessary expenditure of substantial governmental or court resources." U.S.S.G. § 2J1.2 cmt. n.1. The district court found that Brennerman lied to and withheld documents from the court, requiring the government to spend substantial time and resources in connection with his trial for criminal contempt. Accordingly, the district court's decision to impose a three-level enhancement was not an abuse of discretion.

In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the

4

trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189-90 (internal quotation marks and citations omitted).

On the record before us, Brennerman's sentence of 24 months' imprisonment is not substantively unreasonable. The district court imposed a sentence on the low end of the Guidelines range. Indeed, Brennerman makes no argument, and cites no authority or facts, to support his claim that his conduct warranted a below-Guidelines sentence. In light of these circumstances and the deference we owe to the district court, we cannot say that the sentence falls outside the range of permissible decisions.

**V.      Ineffective Assistance of Counsel**

Lastly, Brennerman faults his attorney for failing to obtain records from ICBC and for moving to disqualify the district court judge. We decline to address Brennerman's ineffective assistance of counsel arguments at this time.

Our Circuit has "a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003). Though we have exercised our discretion to address these claims when their resolution is beyond a doubt, *id*., we decline to do so here given the absence of a fully developed record on this issue. *See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (explaining that, "except in highly unusual circumstances," a lawyer charged with ineffectiveness should be given "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs"). Accordingly, we dismiss Brennerman's ineffective assistance counsel claims without prejudice.

We have considered the remainder of Brennerman's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk